FILED
SUPERIOR COURT
OF GUAM

2014 OCT 13 PM 1: 26

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

DARIUS ABDUL RICHARDSON,

      Plaintiff.

vs.

JEAN LORRAINE RICHARDSON, et al.

      Defendants.

) Domestic Case No. DM0361-01
)
)
)
)
)
) **DECISION AND ORDER: Defendant's**
) **Motion for Stay RE:**
)    1) June 11, 2013 Bench Order
)    2) February 6, 2014 Order
)    3) May 20, 2014 Order Re: Arrears
)      and Offset
)
)
)

### INTRODUCTION

This matter came before the Honorable Katherine A. Maraman on Defendant Jean Richardson's Motion for Stay with regard to the Court's June 11, 2013 Bench Order, February 6, 2014 Order, and May 20, 2014 Order Re: Arrears and Offset. Attorney Daniel J. Berman represented Plaintiff Darius Richardson. Defendant appeared *pro se*. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order GRANTING in part, upon condition of a supersedeas bond, and DENYING in part the Defendant's motion.

### BACKGROUND

This case involves an ongoing dispute between Plaintiff and Defendant stemming from their 2001 divorce. In the interest of brevity, the Court will recount only those facts pertinent to

*Richardson v. Richardson* (DM0361-01)
Decision and Order

1

the Defendant's present motion. On June 11, 2013, This Court issued a bench order for the offset of $2,400.00 of Plaintiff's payment of private school tuition against child support owed in July 2013. Following denial of her request for reconsideration, Defendant did not appeal the order. Thereafter, following several disputes as to the date on which child support payments must be sent to Defendant, the Court issued a Decision and Order on February 6, 2014 stating that payment was considered timely so long as it was mailed by the first of each month. Defendant declined to appeal this decision. On May 20 2014, the Court entered a Decision and Order regarding child support arrears and overpayment. The Court determined, after deducting spousal support arrears, that Plaintiff had overpaid his support obligations by $72,097.73. Accordingly, the Court concluded that Plaintiff may offset the remaining balance against future child support payments owed.

Pursuant to this Order, Plaintiff notified Defendant of his intent to offset future payments and ceased support payments beginning in June, 2014. On June 18, 2014, Defendant filed a Notice of Appeal challenging the Courts May 20th Decision and Order in the Supreme Court of Guam. Jean subsequently moved for a Stay Pending Appeal with regard to the May 20 Order, as well as the Court's June 11, 2013 Bench Order and February 6, 2014 Order. Plaintiff opposed Defendant's motion, claiming that Defendant had not satisfied the four-part analysis justifying a stay and asserting that a supersedeas bond in the full judgment amount plus additional costs was warranted. Further, Plaintiff claimed that Defendant was not entitled to stay orders which had not been appealed and asked the Court to limit any stay to future child support offsets from the May 20th order.

*Richardson v. Richardson* (DM0361-01)
Decision and Order

2

## DISCUSSION

### Stay of Judgment Pending Appeal

Guam law allows for a party to seek injunction or stay on the execution of judgment while an appeal is pending. *See* Guam R.Civ.P. Rule 62; Guam R. App. P. Rule 12 (a). Thus, the Court addresses as an initial matter whether a traditional stay is appropriate without the posting of a bond. A stay without a bond is generally proper where the party seeking stay can demonstrate: (1) likelihood that the party will prevail on the merits of the appeal; (2) likelihood that the party will be irreparably harmed absent a stay; (3) a low prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting a stay. *Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 1756 (2009); *McCammon v. United States*, 588 F. Supp. 2d 43, 47 (D.D.C. 2008) (citations omitted). "[G]ranting a stay pending appeal is 'always an extraordinary remedy,' and that the moving party carries a heavy burden to demonstrate that the stay is warranted." *United States v. Philip Morris USA, Inc.*, 449 F.Supp.2d 988, 990 (D.D.C.2006) (internal citations omitted).

In this case, Defendant has not sufficiently satisfied her burden regarding the factors required to justify a stay absent a bond. Even assuming, *arguendo*, that Defendant has presented a colorable claim upon which success on the merits may be granted, she has altogether failed to articulate how the harm of offsetting payments is irreparable. While ensuring sufficient funds exist for support of the children is indeed a priority, this Court has already determined that Plaintiff has paid Defendant an excess of $72,097.73 towards their support. *See* Decision and Order RE: Arrears and Offset, DM0361-01 (May 20, 2014). In addition, the offset order remains

*Richardson v. Richardson* (DM0361-01)
Decision and Order

effective only until such time as the overpayment is satisfied, ensuring that no deficiencies will result with regard to finances needed for care and support. *Id.* Thus, Defendant fails the second prong of the stay inquiry. Additionally, Defendant has failed to convince the Court that such a remedy will not harm the interests of Plaintiff. Indeed, because the order of the Court grants reimbursement of money owed to Plaintiff through offset of future obligations, delay would be especially detrimental to his interest, as he would have no means of recovery after the children reach the age of majority.[1] *Id.* Finally, Defendant fails to persuade the Court that public interest weighs definitively in favor of a stay. While Guam indeed recognizes an important public policy in favor of supporting children, statutory requirements mandate that this interest is balanced against the strong public policy in ensuring equitable division and shared support between parents. 5 G.C.A § 34105 (a). Thus, Defendant is unsuccessful under the traditional stay analysis.

However, Defendant's failure to meet the general factors warranting a stay does not conclude the Court's inquiry. Unlike the requirements of a traditional stay, settled law establishes that an appellant is entitled to a requested stay pending appeal as a matter of right so long as a supersedeas bond is posted. *American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 17 L.Ed.2d 37 (1966); *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992); *In re Federal Facilities Realty Trust*, 227 F.2d 651, 655 (7th Cir. 1955); *Ivor B. Clark Co. v. Hogan*, 296 F. Supp. 407, 409 (S.D.N.Y. 1969). Indeed, a stay pending appeal becomes effective automatically as soon as the supersedeas bond is approved by the Court. G.R.C.P Rule 62 (d); *Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty., Kan.*, 844 F. Supp. 1414, 1417 (D. Kan. 1993). Thus, a stay pending appeal may be

---

[1] Defendant has consistently submitted evidence that she is not employed and has no income.

*Richardson v. Richardson* (DM0361-01)
Decision and Order

granted regardless of the factors discussed above on the condition that Defendant posts a bond. *Id.*

**Supersedeas Bond Amount**

Under the Guam Rules of Civil Procedure, an appellant may submit a supersedeas bond in order to obtain a stay when an appeal is taken. G.R.C.P Rule 62 (d). The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. *Id.* The purpose of the bond is to "[secure] the judgment against the insolvency of the judgment debtor." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) (citations omitted); *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987). It serves as a mechanism to "preserve the status quo during the pendency of an appeal." *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993). Further, a bond "protects the winning party from the possibility of loss resulting from the delay in execution." *Id.* (citing *Federal Prescription Service v. American Pharmaceutical Asso.*, 636 F.2d 755 (D.C.Cir.1980)). "[A] plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir.1986).

It is well settled that, as a general rule, the bond required to secure a stay pending appeal must total the full amount of the judgment plus the costs of litigating the appeal. *See Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559–60 (10th Cir.1996); *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979). In general, Courts account for these costs by ordering a bond equal to 125% of the judgment. *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (citing *Am. Ass'n of Naturopathic*

*Richardson v. Richardson* (DM0361-01)
Decision and Order

5

*Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir.2000)). However, a trial court maintains discretion to accept a partial bond for less than the full amount owed under the judgment. *Strong*, 443 F.3d at 1299; *Schreiber*, 839 F. Supp. at 1159; *S.E.C. v. O'Hagan*, 901 F. Supp. 1476, 1480 (D. Minn. 1995).

In this case, the unique circumstances of the judgment amount warrant a departure from the usual 125% amount. Because the judgment is offset in monthly installments and has not yet been stayed, the total amount Plaintiff is overpaid has decreased since the motion was made. Thus, the total judgment amount of $72,097.73 must subtract the offset amount of five monthly obligations, totaling $20,650. Accordingly, the total judgment owed now is $51,417.73. Finally, because a bond will be fixed at the time of the Order while the amount of judgment will continue to be offset until the stay is actually applied, the Court declines to multiply the current judgment by 1.25 for additional costs. Thus the total amount owed as partial supersedeas bond in this case is $51,417.73. The Court finds that this amount adequately protects the interest of Plaintiff and demonstrates that Defendant's appeal is brought in good faith, rather than for purpose of delay. *Myers v. Mid-W. Nat'l Life Ins. Co.*, 2009 WL 306366 (D. Colo. Feb. 6, 2009) (supersedeas bond is intended to ensure good faith and provide "check against frivolous or merit-less appeals."); *Berberena-Garcia v. Aviles*, 258 F.R.D. 42, 43 (D.P.R. 2009) (imposing partial bond for amount of judgment but without attorney's fees/costs).

Finally, the Court is unpersuaded by Defendant's argument that child support cases are altogether exempt from the supersedeas bond requirements. Specifically, Defendant alleges that 5 G.C.A. § 34121's instruction that court-ordered support not be stayed pending appeal inversely means that a court order suspending payment of support must not take effect pending appeal.

*Richardson v. Richardson* (DM0361-01)
Decision and Order

However, nothing in the text or legislative intent implies that an otherwise valid order must be stayed pending appeal. Indeed, Guam law specifically grants the Superior Court the authority to modify support orders when appropriate and states that such orders cease to remain enforceable once they are altered or set aside by the Court. *See* 5 G.C.A §§ 34121; 34107 (b). Thus, Guam statutory requirements do not entitle Defendant to a stay absent the posting of a supersedeas bond.

Defendant also asserts that a stay must be granted because Plaintiff's interest in offsetting future support is void as against public policy. Many jurisdictions indeed articulate a general rule that a parent's overpayments may not be used to offset future support payments, since it would constitute a unilateral modification of the support order and deny a child consistent income. *See Raczynski v. Raczynski* 558 P.2d 425 (Okl. App. Ct. 1976); *Brown v. Brown*, 849 N.E.2d 610, 615 (Ind.2006); *Harner v. Harner*, 434 N.E.2d 465 (Ill. App. Ct. 1985). However, this rule is applicable only to voluntary overpayments made to build up positive credit or those made due to a mistake of the party. *Id. see also State v. Funnell*, 622 N.E.2d 189, 191 (Ind. Ct. App.1993); *Griess v. Griess*, 608 N.W.2d 217, 224 (Neb. App. Ct. 2000). By contrast, many jurisdictions have held that involuntary payments, including payments made pursuant to an order which is later modified or invalidated, may be credited against both arrears and future obligations. *See e.g. Griess*, 608 N.W.2d at 224-25 (finding "exception to the rule" against crediting future payments where "the payments at issue were not 'voluntary' or 'extra' payments because they were in compliance with the obligation imposed by the court's [erroneously calculated] order"); *In re Marriage of Tollison*, 566 N.E.2d 852, 854 (Ill. App. Ct. 1991) ( General rule disfavoring credit toward future payments not applicable to involuntary overpayments pursuant to a court order); *Carpenter v. Carpenter*, 891 N.E.2d 587, 600-01 (Ind.

*Richardson v. Richardson* (DM0361-01)
Decision and Order

7

Ct. App. 2008) ("where an overpayment is not voluntary, the amount may be credited to future child support payments.") (Citation omitted); *Steffenson v. Olsen*, 600 S.E.2d 129, 132 (S.C. Ct. App. 2004) (Court properly credited party for involuntary overpayment). Indeed, overpayment due to compliance with an erroneously calculated order is precisely what occurred in the present case. Thus, Plaintiff has a cognizable interest in benefits derived from this Court's previous orders and is entitled to a bond to prevent loss of that interest during the pendency of appeal. The bond requirement found in the rules of civil procedure is appropriately applied in the present case.

### Decisions and Orders Not Appealed

As mentioned *supra*, Defendant has appealed only the Court's March 20, 2014 Decision and Order regarding the offset of arrears. However, Defendant's motion also seeks a stay, pending the outcome of her appeal, with regard to the Court's June 11, 2013 Bench Order and February 6, 2014 Order. The Court is not authorized to prescribe such a remedy. As an initial matter, Defendant cannot possibly satisfy the four-factor consideration warranting a traditional stay, since issues not on appeal by definition have no likelihood of success on the merits on appeal. Further, any harm suffered by failure to stay the orders not appealed cannot be remedied, as those issues will not be evaluated by the Supreme Court. *People v. Lujan*, 1998 Guam 28 ¶ 13 (holding that a Notice of Appeal defines the parameters of the appellate court's subject matter jurisdiction). As such, a traditional stay absent bond is not justified for orders which have not been appealed. Additionally, the right to a stay accompanying submission of a supersedeas bond is available only as to those judgments actually appealed. *See Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 955 (8th Cir.1979) (holding Rule 62 did "not apply" because "no appeal

*Richardson v. Richardson* (DM0361-01)
Decision and Order

8

lies from the district court's order"); *Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 435 F. Supp. 2d 932, 935 (N.D. Iowa 2006) ("where no appeal from a judgment lies, there is no provision in the Federal Rules of Civil Procedure for a stay."); *United States v. One 1962 Ford Galaxie Sedan*, 41 F.R.D. 156, 158 (S.D.N.Y. 1966) (a stay may not be issued for judgments which have not been timely appealed). Accordingly, Defendant has no entitlement to a stay of orders not appealed regardless of whether a bond is posted.

## CONCLUSION

Based on the foregoing reasons, the Court finds that Defendant is entitled to a Stay Pending Appeal on the condition that Defendant posts a partial supersedeas bond of $51,417.73. Upon receipt of the bond, Defendant's Motion for Stay of the May 20, 2014 Decision and Order is considered GRANTED and the stay will take effect. As to the orders which are not being appealed, Defendant's Motion for Stay is DENIED.

**SO ORDERED** this 13th day of October, 2014.

HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Atty. Daniel J. Berman.
Date: 10/13/14 Time: 3:25pm
Dep: Clerk, Superior Court of Guam

*Richardson v. Richardson* (DM0361-01)
Decision and Order

9